**Daniel Girmai NEGUSIE, Petitioner**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

**No. 06–60193**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

May 15, 2007.

Daniel Girmai Negusie, Gadsden, AL, pro se.

Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, pro se.

Thomas Ward Hussey, Director, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, Caryl G. Thompson, U.S. Immigration & Naturalization Service District Directors Office, New Orleans, LA, for Respondent.

Before KING, HIGGINBOTHAM and GARZA, Circuit Judges.

PER CURIAM: *

Eritrean citizen Daniel Girmai Negusie petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his application for asylum and withholding of removal.

Negusie contends that the BIA erroneously determined that he assisted in the persecution of others on the basis of a protected ground, rendering him ineligible for asylum or withholding of removal, pursuant to 8 U.S.C. § 1158(b)(2)(A)(i) and 8 U.S.C. § 1231(b)(3)(B)(i). Negusie argues both that he did not assist in persecution when he worked as a guard in a military prison and that the record did not indicate that he was involved in any persecution of others on a protected ground.

In his brief to the BIA, Negusie stated that he "did not ... assist or otherwise participate in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion. In fact, he risked his life on numerous occasions to help those *who were facing such persecution.*" Negusie thus conceded that the prisoners were persecuted on protected grounds. *See Campbell v. Sonat Offshore Drilling, Inc.,* 979 F.2d 1115, 1119 (5th Cir.1992) (a litigant's factual assertions ordinarily are binding). Moreover, Negusie testified that, during his own imprisonment, he learned about Protestant Christianity from people who were imprisoned because of their religious beliefs. Additionally, a State Department report from 2004 indicated that the Eritrean government actively persecuted numerous Protestant groups.

The question whether an alien was compelled to assist authorities is irrelevant, as is the question whether the alien shared the authorities' intentions. *Bah v. Ashcroft,* 341 F.3d 348, 351 (5th Cir.2003). Rather, the inquiry should focus "on whether particular conduct can be considered assisting in the *persecution* of civilians." *Fedorenko v. United States,* 449 U.S. 490, 512 n. 34, 101 S.Ct. 737, 66 L.Ed.2d 686 (1981).

Negusie did not affirmatively, personally injure the prisoners, and he objected to, and occasionally disobeyed, orders to inflict punishment, did favors for prisoners, and was reprimanded for doing so. However, he worked as an armed prison guard. He knew about the forms of punishment used by his superior officer. He stood guard while prisoners were kept in the sun as a form of punishment, and he acknowledged that his job description included depriving prisoners of access to showers and fresh air. He also stated that he hated his job because he saw prisoners suffer on a daily basis. The Immigration Judge considered Negusie's testimony about his redemptive acts of assistance to prisoners and gave that testimony little weight.

The evidence does not compel a conclusion that Negusie did not assist in the persecution of prisoners. *See Bah,* 341 F.3d at 350. Negusie thus was ineligible for asylum or withholding of removal.

PETITION DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.