# Matter of Negusie, Applicant

*Decided by Attorney General October 22, 2025*

U.S. Department of Justice
Office of the Attorney General

The stay of the Board's March 16, 2021, order in this matter is vacated, and *Matter of Negusie*, 28 I. & N. Dec. 120 (A.G. 2020), which held that the bar to asylum eligibility for aliens who have engaged or assisted in the persecution of another does not contain a duress exception, is now the operative opinion.

## BEFORE THE ATTORNEY GENERAL

This case involves the persecutor bar under sections 208(b)(2)(A)(i) and 241(b)(3)(B)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(b)(2)(A)(i), 1231(b)(3)(B)(i) (2018). On October 12, 2021, Attorney General Garland directed the Board of Immigration Appeals to refer this matter to him for review. *Matter of Negusie*, 28 I. & N. Dec. 399 (A.G. 2021). The Attorney General's order also stated that the Board's decision was automatically stayed pending his review. *See id.*

This matter has a lengthy procedural history. The applicant alien entered the United States as a stowaway in 2004. *See Matter of Negusie*, 27 I. & N. Dec. 347, 348 (BIA 2018). In a decision dated May 31, 2005, the Immigration Judge determined that the applicant was ineligible for asylum and withholding of removal because of the persecutor bar but granted his application for deferral of removal under the regulations implementing the Convention Against Torture ("CAT").[1] *See id.* at 349. The Board dismissed the applicant's appeal of the Immigration Judge's determination, *see id.* at 348, and the United States Court of Appeals for the Fifth Circuit denied the applicant's petition for review, *see Negusie v. Gonzales*, 231 F. App'x 325, 326 (5th Cir. 2007). The Supreme Court of the United States reversed and remanded. *See Negusie v. Holder*, 555 U.S. 511 (2009). Recognizing that it is not "clear that Congress had an intention on the precise question at issue" and that the Board "ha[d] not exercised its interpretive authority," the Court remanded the record for the Board to determine whether coercion or duress is relevant in determining whether the persecutor bar applies. *Id.* at 518, 522.

---

[1] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States on Nov. 20, 1994).

On June 28, 2018, the Board issued *Matter of Negusie*, 27 I. & N. Dec. 347 (BIA 2018), which, in an exercise of its "interpretive authority," recognized a duress exception to the persecutor bar. However, the Board determined that the applicant did not establish that he was under duress when he assisted in persecution. *See id.* at 348. On October 19, 2018, Attorney General Sessions directed the Board to refer this case to him for review but took no action during his tenure. *See Matter of Negusie*, 27 I. & N. 481, 481 (A.G. 2018). On November 5, 2020, Attorney General Barr vacated the Board's decision, concluding that the persecutor bar does not include an exception for coercion or duress. *See Matter of Negusie*, 28 I. & N. Dec. 120, 125 (A.G. 2020). Attorney General Barr remanded the matter to the Board to enter an appropriate order following updated identity, law enforcement, or security investigations or examinations. *See id.* at 155. On March 16, 2021, the Board dismissed the appeal and affirmed the immigration judge's denial of asylum and withholding of removal and his grant of the applicant's request for deferral of removal under the CAT. On October 12, 2021, Attorney General Garland subsequently directed the Board to refer this matter to him for review and stayed the Board's decision, *see Matter of Negusie*, 28 I. & N. Dec. 399 (A.G. 2021), but did not issue a decision in this matter during his tenure.

In light of Attorney General Garland's decision not to address the matter further after directing the Board to refer the matter to him for review, I have determined there is no further need for me to retain authority over this case. Accordingly, I hereby vacate the stay of the Board's March 16, 2021 order and remand the record in this case to the Board for any further action as appropriate. Doing so allows the 2020 Barr opinion, 28 I. & N. Dec. 120, 125 (A.G. 2020), to retake effect. For clarity, as the now operative opinion explains, the INA's bar to asylum eligibility for aliens who have engaged or assisted in the persecution of another does not contain a duress exception. *See id.* at 120. In other words, if an immigration judge finds an alien participated in the persecution of another as defined by the INA, 8 U.S.C. §§ 1158(b)(2)(A)(i), 1231(b)(3)(B)(i), the alien cannot present evidence of coercion or duress to displace the bar and obtain eligibility for asylum or withholding of removal. *See id.* at 121. As written by Congress, the bar is absolute. *See id.* at 125–26. The Department of Homeland Security does not have any evidentiary burden regarding the persecutor bar. *See id.* at 154–55. Instead, if evidence in the record indicates the persecutor bar may apply, the applicant bears the burden of proving by a preponderance of the evidence that it does not. *See id.*